**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**KENNETH W. ADAMS, ET AL.**                                                                 **PLAINTIFFS**

**v.**                                                                **CAUSE NO. 3:67CV04156-TSL-MTP**

**RANKIN COUNTY BOARD OF EDUCATION, ET AL.**                                  **DEFENDANTS**

**MOTION FOR DECLARATION OF UNITARY STATUS**

The Rankin County School District (the "District") moves the Court to declare the District unitary, dissolve all injunctions entered in this case, and dismiss this case with prejudice.

"[T]he appropriate measure of unitariness [is] 'whether the past has been eradicated so far as it remains in the power of school officials and courts to do so . . . .'" *Price v. Austin Independent School District,* 945 F.2d 1307, 1314 (5th Cir. 1991) (quoting *Ross v. Houston Independent School District,* 699 F.2d 218, 227 (5th Cir. 1983)). The District has worked continuously to implement the Court's desegregation orders and to remove, to the extent practicable, all vestiges of *de jure* segregation. The District has complied with its reporting requirements under the Court's orders. The District has eliminated all vestiges of *de jure* segregation and is unitary in every respect.

In support of this Motion, and in addition to its Memorandum of Authorities submitted contemporaneously with this motion, the District shows as follows:

1. On August 1, 1967, Plaintiffs filed their Complaint against the District, alleging the unlawful operation of a racially dual system of public education in violation of the Fourteenth Amendment to the United States Constitution. [83-1]. On September 27, 1967, this Court ordered the District to affirmatively end racial segregation and to eliminate the effects of the dual school system.

2. On April 6, 1970, this Court entered its Opinion and Order Providing for Unitary School System ("the 1970 Order") in which the Court set out a "Unitary School Plan" addressing the following areas: (1) desegregation of faculty and staff, (2) majority-to-minority transfer policy, (3) student transportation, (4) school construction and site selection, and (5) attendance outside system of residence, and (6) pupil assignment. [83-2].

3. On September 27, 1973, the United States Court of Appeals for the Fifth Circuit held that the District had not fully established a unitary system and directed the District to take additional steps toward unitary status. On November 29, 1973, this Court entered a Consent Order ("the 1973 Order") setting out a number of requirements, including: (1) modifications to the student attendance zones, (2) the elimination of any segregated classes, (3) the implementation of measures to further integrate extracurricular activities, and (4) semiannual reporting to the Court, with respect to student assignment, faculty and staff assignment, student transfers, transportation, construction and facilities, and resource allocation. [83-3].

4. On August 21, 1978, this Court entered an additional Consent Order ("the 1978 Order") applying both to the Rankin County School District and the Pearl Municipal

Separate School District established in July 1976 as a separate municipal school district composed of the former "Pearl" geographic attendance area of the Rankin County School District. [83-3]. The 1978 Order required (1) that the percentage of black students in any school shall not exceed 45% or fall below 12%, (2) that all schools shall be operated without racial discrimination, (3) that the District take affirmative steps to ensure proportionate black participation at all student and faculty activities, (4) that the District ensure black representation in all professional, administrative, and non-professional employment areas, (5) that the District achieve a ratio of at least 28% black staff at every grade level in "all categories," and (6) that the District comply with revised reporting requirements. [83-4]. The 1978 Order also established a new attendance zone known as "Northwest Rankin" and permitted a new school to be constructed in that zone to relieve overcrowding in the Pearl and Brandon Attendance Zones. *Id*. Pursuant to its terms, the 1978 *Order* was "supplemental" to the 1970 Order and 1973 Order and "all maters not inconsistent with those orders remain[ed] in full force and effect." [83-4], p.5.

6. On November 1, 2012, this Court entered a Consent Order enlarging the Pearl Attendance Zone so that it would be contiguous with the city limits of the City of Pearl. [82]. The 2012 Consent Order also clarified that "the racial composition of each school within the Rankin County School District shall reflect the racial composition of the Rankin County School District as a whole. The percentage of African-American students at each school within RCSD shall be within twenty percent above or twenty percent below the overall percentage of African-American students attending RCSD schools. The percentage of White students at each school within RCSD shall be within twenty percent above or

twenty percent below the overall percentage of White students attending RCSD schools." [82], ¶ 7.

7. On October 28, 2019, the District filed an Unopposed Motion for Declaration of Partial Unitary Status in relation to the areas of facilities and transportation. *See* [88], [89]. The motion was not opposed by Private Plaintiffs or the Government. [88], p. 2. On October 30, 2019, this Court entered its Order Granting Unopposed Motion for Declaration of Partial Unitary Status declaring that the District had achieved unitary status in the areas of student transportation and facilities, withdrawing further Court supervision in those areas, and dismissing all claims related to those areas. [90]. This Court maintained its jurisdiction over extracurricular activities, faculty and staff assignment, and student assignment. *Id*.

8. The District now moves for a declaration of unitary status in the areas of extracurricular activities, faculty and staff assignment, and student assignment. The District has complied in good faith with this Court's 1970, 1973, 1978, and 2012 desegregation orders for a reasonable period of time and has eliminated the vestiges of racial discrimination resulting from the former racially dual system to the extent practicable.

9. The District relies on the following exhibits in support of its motion:

Exhibit A: *Anderson v. Madison County School District, et al.,* No. 3:65-cv-3700, slip op. at p. 16 (S.D. Miss. Apr. 7, 2006);

Exhibit B: April 20, 2023 Report of Dr. Christine Rossell;

Exhibit C: 2020-21 – 2023-24 Student Enrollment Information;

Exhibit D: Intra-District Transfer Procedures;

Exhibit E:	2021-22 – 2023-24 Student Transfer Information;

Exhibit F:	Non-Resident Students Policy;

Exhibit G:	2020-21 – 2023-24 Faculty Information;

Exhibit H:	2020-21 – 2023-24 Staff Information;

Exhibit I:	Compendium of Faculty and Staff Policies;

Exhibit J:	Affidavit of Dr. Scott Rimes;

Exhibit K:	Extracurricular Coaches and Sponsors Information for 2023-24;

Exhibit L:	Professional Staff Development Policy;

Exhibit M:	School Department Leadership Teams Information;

Exhibit N:	Book Study Information;

Exhibit O:	JSU Memorandum of Understanding;

Exhibit P:	Tougaloo Memorandum of Understanding;

Exhibit Q:	Social Media Posts on Diversity;

Exhibit R:	Student Activities and Organizations Policy;

Exhibit S:	Fee Policy;

Exhibit T:	Student Extracurricular Racial Composition for 2023-24;

Exhibit U:	Alcorn University Memorandum of Understanding; and,

Exhibit V:	William Carey University Memorandum of Understanding.

The District has complied in good faith with this Court's desegregation orders and has eliminated, to the extent practicable, all vestiges of discrimination resulting from the former racially dual system. The District is unitary because each of the following areas is fully desegregated: student assignment, faculty, staff, student transportation, facilities,

extracurricular activities, and discipline. The District respectfully requests the Court grant its motion and declare the District unitary, dissolve all injunctions entered in this case, and dismiss this case with prejudice.

Respectfully submitted, this 2nd day of August, 2024.

**RANKIN COUNTY SCHOOL DISTRICT**

/s/ John S. Hooks

OF COUNSEL:

Fred M. Harrell, Jr.
Harrell & Rester
306 E. Government Street
Brandon, MS 39042
Telephone: 601.825.7236
Facsimile: 601.825.7237
E-mail: fred@harrellrester.com

John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Pkwy., Suite 800
Ridgeland, MS 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail: John.Hooks@arlaw.com

Benjamin E. Griffith
MS Bar No. 5026
Griffith Law Firm
P.O. Box 2248
Oxford, MS 38655
Telephone: 662.238.7727
Facsimile: 662.493.4220
E-mail: ben@glawms.com

**CERTIFICATE OF SERVICE**

    I, John Hooks, certify that I have this day filed a true and correct copy of the above document with the Clerk of Court via the CM/ECF system, which caused notice of filing to be served on all registered counsel of record.

    Dated: August 2, 2024.

                                                                   /s/ *John S. Hooks*